# EXHIBIT A



**Office of the County Clerk**

MONROE COUNTY, NEW YORK

Jamie Romeo
County Clerk

STATE OF NEW YORK

FILED
FEB 2 2024
Monroe County
Clerk's Office

INDEX # 2024-0365

SUPREME COURT
COUNTY OF MONROE

MOHSIN SALEEM SANDHU     PLAINTIFF

-VS-

CITIBANK, N.A.     DEFENDANT

ATTORNEY FOR PLAINTIFF:

ATTORNEY FOR DEFENDANT

NAME OF PAYOR:

RECEIPT

SUPREME COURT,
MONROE COUNTY

ENDORSE THIS INDEX #
ON ALL PAPERS _____

MOHSIN SALEEM SANDHU     PLAINTIFF

-VS-

CITIBANK, N.A.     DEFENDANT

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF MONROE

FILED
FEB 2 2024
Monroe County
Clerk's Office

------------------------------------------------x

MOHSIN SALEEM SANDHU ,
[YOUR NAME(S)]

           Plaintiff(s),

     -against-

CITIBANK, N.A.  .
[NAME OF PERSON(S) SUED]

           Defendant(s)

------------------------------------------------x

Index No. 2024 / 0365

Date Index No. purchased 2-2-24

**SUMMONS**

To the Person(s) Named as Defendant(s) Above:

    PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

    YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: February 2 , 20 24
[DATE OF SUMMONS]

MOHSIN SALEEM SANDHU
[YOUR NAME(S)]
798 Bishops Lane
Webster, NY 14580
(585) 200-5762
[YOUR ADDRESS(ES) and PHONE NUMBER(S)]

Defendant's Address   Citibank, N.A.
c/o Legal Services
5800 South Corporate Place
Sioux Falls, SD 57108
[ADDRESS OF PERSON(S) SUED]

Venue: Plaintiff(s) designate(s) Monroe County as the place of trial. The basis of this designation is [CHECK ONE]:

    __X__ Plaintiff(s)' Residence in Monroe County.

    ____ Defendant(s)' Residence in Monroe County.

    ____ Other -- Describe: _____ .

**NOTE: THIS FORM OF SUMMONS MUST BE SERVED WITH A COMPLAINT**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

---

MOHSIN SALEEM SANDHU,

        Plaintiff,

– against –

CITIBANK, N.A.,

        Defendant.

---

FILED
FEB 2 2024
Monroe County
Clerk's Office

**COMPLAINT**

Index No.: 2024-EF0365

TO THE SUPREME COURT OF THE STATE OF NEW YORK

The Complaint of the Plaintiff, MOHSIN SALEEM SANDHU, respectfully shows and alleges as follows:

Basis of Venue: Plaintiff designates Monroe County as the place of trial. The basis of the venue is the residence of the plaintiff.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to Article 6, Section 9 of the New York State Constitution, which vests the Supreme Court with general jurisdiction in law and equity. Additionally, this Court has jurisdiction over the parties involved, as Defendant, CITIBANK, N.A., is a national banking association conducting business in New York State, and Plaintiff, MOHSIN SALEEM SANDHU, resides in Monroe County, New York.

2. Venue is proper in this Court pursuant to CPLR § 503(c), which establishes venue in the county where the cause of action arose. As the unauthorized telephone calls at issue were received by Plaintiff in Monroe County, this venue is appropriate.

**BACKGROUND AND FACTS**

3.   **Parties and Relationship:** Plaintiff, MOHSIN SALEEM SANDHU, residing at 798 Bishops Lane, Webster, NY 14580 ("Plaintiff"), maintained a commercial banking relationship with Defendant, CITIBANK, N.A. ("Defendant"), during the relevant period from September 9, 2019, to February 4, 2020. This relationship involved three credit card accounts held by Plaintiff with Defendant.

4.   **National Do Not Call Registry:** Plaintiff registered his cellular phone number ending in x5762 on the National Do Not Call Registry ("DNCR") on October 21, 2016. This registration has remained active and in effect continuously since its initial date, including throughout the relevant period at issue in this claim.

5.   **Unauthorized Calls:** It is alleged that, between September 9, 2019, and February 4, 2020, the Defendant knowingly and willfully placed 876 unauthorized calls to the Plaintiff's cellular phone, utilizing an Automatic Telephone Dialing System (ATDS). These calls originated from telephone numbers directly affiliated with Defendant, specifically (877) 281-0415 and (877) 281-0416.

6.   **Nature of Calls:** The calls often included pre-recorded messages and exhibited characteristics commonly associated with ATDS usage. Such ATDS-generated calls are prohibited under the TCPA for calls related to account status or any additional purpose directed to cellular numbers without prior express written consent.

7.   **Impact on Plaintiff:** The high volume and repetitive nature of these calls constituted a flagrant violation of the TCPA and caused significant disruption and distress to Plaintiff, particularly during the early stages of the COVID-19 pandemic.

**ALLEGATIONS OF TCPA VIOLATIONS**

8.   **Violations of the Telephone Consumer Protection Act (TCPA):** Plaintiff alleges that Defendant violated Title 47 U.S.C. §

227(b)(1)(A)(iii) and § 227(b)(2)(C)(i) of the Telephone Consumer Protection Act ("TCPA") by engaging in the following conduct:

9. **Unauthorized Use of Automatic Telephone Dialing System (ATDS):** Defendant made 876 unauthorized calls to Plaintiff's cellular phone number using an ATDS without obtaining prior express written consent, in clear violation of § 227(b)(1)(A)(iii).

10. **Targeting of DNCR-Registered Cellular Phone:** Plaintiff's cellular phone number was duly registered on the National Do Not Call Registry (DNCR) on October 21, 2016, and has remained actively registered continuously since then. Defendant's constructive knowledge of Plaintiff's DNCR registration and deliberate targeting of their cellular phone further demonstrate willful disregard for TCPA restrictions, particularly under the provisions of § 227(b)(1)(A)(iii).

11. **Exceeding Any Conceivable Scope of Consent:** While Plaintiff may have previously entered into general terms of service agreements, such consent, if any, cannot reasonably extend to the excessive volume (876 calls) and automated nature of the calls received. This far surpasses any conceivable scope of implied consent under the TCPA, even under the broadest interpretation. This egregious conduct constitutes a clear departure from permissible communication and demonstrates a blatant disregard for the TCPA's purpose of protecting consumers from harassing and invasive automated calls.

12. **Willful Violations of the TCPA and Inapplicability of Exemptions:** It is alleged that Defendant committed knowing and willful violations of the TCPA, exceeding any applicable exemptions for calls regarding account status or any additional purpose. This is evidenced by the following:

13. **Excessive Volume of Calls:** The sheer volume of 876 calls within a five-month period significantly exceeds any reasonable standard for communications regarding account status or any additional purpose, constituting a flagrant disregard for the TCPA's limitations. This excessive volume alone suggests an intentional and deliberate attempt

to harass and overwhelm Plaintiff through aggressive telephone calling campaigns.

14. **Prohibited Use of ATDS:** The nature and pattern of the calls, coupled with the presence of pre-recorded messages, strongly suggest the use of an ATDS. This constitutes a clear violation of § 227(b)(1)(A)(iii), which specifically prohibits the use of ATDS or prerecorded voice messages for calls to cellular phones regarding account status or any additional purpose absent prior express consent.

15. **Persistent Calls during Pandemic:** Defendant's persistence in making these calls despite the ongoing COVID-19 pandemic further underscores the intentional and harassing nature of their conduct. This behavior demonstrates a callous disregard for the unique vulnerabilities and challenges faced by consumers, further aggravating the intrusive nature of the calls.

16. **Exceeding Scope of Permissible Communication:** Even considering any applicable exemptions, the Defendant's actions exceed reasonable boundaries and do not conform to the permissible practices under the TCPA. The excessive volume, frequency, and ATDS use surpass any conceivable scope of permitted communication.

17. **Willful Disregard for TCPA Protections:** The combined weight of these factors — the excessive volume, prohibited ATDS use, targeting of a DNCR-registered cellular phone, and persistence despite the ongoing COVID-19 pandemic — demonstrates a clear and unequivocal pattern of knowing and willful disregard for the TCPA's protections. This constitutes a flagrant abuse of any potential exemptions and violates the TCPA's purpose of safeguarding consumer privacy and preventing harassment.

18. **Actual Harm Suffered:** As a direct result of Defendant's violations, Plaintiff suffered significant actual harm, including:

19. **Severe Harassment and Disruption:** The excessive and repetitive nature of the calls constituted severe harassment, significantly disrupting Plaintiff's daily life and exacerbating stress factors,

particularly during the early stages of the COVID-19 pandemic, a period already fraught with heightened anxieties. This persistent harassment infringed upon Plaintiff's reasonable expectation of privacy and tranquility, causing substantial distress.

20. **Violation of Privacy and Intrusive Tactics:** The intrusive nature of these calls into Plaintiff's personal space and the persistent harassment tactics employed by Defendant violated Plaintiff's reasonable expectation of privacy, causing substantial distress. This conduct not only invaded Plaintiff's personal space but also caused significant harm.

**EVIDENCE AND SUPPORTING DOCUMENTS**

21. **Detailed Call Logs:** Plaintiff possesses detailed call logs documenting all 876 unauthorized calls made to his cellular phone number by Defendant between September 9, 2019, and February 4, 2020. These call logs include information such as date, time, duration, and caller identification, which will serve as crucial evidence supporting Plaintiff's allegations of excessive and unauthorized calls.

22. **Audio Recordings and Voicemail Transcripts:** To further demonstrate the use of an Automatic Telephone Dialing System (ATDS) and the pre-recorded nature of the calls, Plaintiff has preserved audio recordings of select calls and transcripts of voicemails left by Defendant. These recordings and transcripts will be invaluable in proving the automated nature of the calls and the content communicated, further bolstering Plaintiff's claims under the TCPA.

23. **Demand Letter and Response:** On January 12, 2024, Plaintiff duly sent a demand letter to Defendant detailing the violations of the TCPA and seeking appropriate remedies. Defendant's response, received on January 23, 2024, did not offer a satisfactory resolution, demonstrating their disregard for Plaintiff's rights and necessitating the filing of this complaint.

24. **Failure to Deny Allegations:** The Defendant's response to Plaintiff's demand letter, meticulously detailing alleged unauthorized

robocalls made via an ATDS, is notable for its omission of direct denials regarding the core accusations. While acknowledging "outbound calls" during the period and claiming they were "not excessive," the Defendant conspicuously avoids addressing the specific allegations of ATDS use and call volume. This selective response, particularly in the face of detailed claims, raises concerns about potential evasion of the central issues. This ambiguity, coupled with the acknowledged calls, significantly bolsters Plaintiff's claim of TCPA violations.

25. **Implied Threshold of Excessiveness:** While responding to Plaintiff's demand letter alleging 876 unauthorized robocalls via ATDS, the Defendant conspicuously avoids directly denying the core accusations. By characterizing their calling practices as "not excessive," the Defendant tacitly acknowledges the existence of a threshold beyond which such practices would be deemed excessive. This implicit acknowledgment, when considered alongside the documented volume of 876 unauthorized calls within a mere five-month period to a cellular phone number registered on the Do Not Call list, leads Plaintiff to assert that such volume significantly surpasses any reasonable threshold, constituting a flagrant violation of TCPA protections.

**DAMAGES AND RELIEF SOUGHT**

26. **Statutory Damages:** Pursuant to 47 U.S.C. § 227(b)(3)(B)-(C), Plaintiff seeks statutory damages of $500 per call for calls found to be placed negligently by Defendant and $1,500 per call for calls determined to have been willfully made in violation of the TCPA, regarding each of the 876 unauthorized calls received. This amount reflects the nature of Defendant's violations and the significant harm caused to Plaintiff.

27. **Permanent Injunctive Relief:** Plaintiff further requests a permanent injunction prohibiting Defendant, its agents, assigns, and successors, from making any further calls to Plaintiff's cellular phone number using an ATDS, or any other method that violates the TCPA. This relief is necessary to prevent future harassment and ensure Plaintiff's right to privacy and freedom from unwanted robocalls.

28. **Costs and Attorney's Fees:** Plaintiff also seeks an award of all costs and attorney's fees incurred in pursuing this action, as authorized by 47 U.S.C. § 227(b)(3)(F). The significant volume of unauthorized calls and the need for litigation to vindicate Plaintiff's rights justify an award of costs and attorney's fees.

**DEMAND FOR JURY TRIAL**

29. Pursuant to Article 41 of the New York Civil Practice Law and Rules, Plaintiff hereby demands a trial by jury on all triable issues of fact in this action.

**CONCLUSION**

WHEREFORE, upon the foregoing premises, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, CITIBANK, N.A., as follows:

30. An award of statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B)-(C) for the 876 unauthorized calls made to Plaintiff's cellular phone number.

31. A permanent injunction prohibiting Defendant, its agents, assigns, and successors, from making any further calls to Plaintiff's cellular phone number using an ATDS or any other method that violates the Telephone Consumer Protection Act.

32. An award of all costs and attorney's fees incurred in pursuing this action, as authorized by 47 U.S.C. § 227(b)(3)(F).

33. Such other and further relief as the Court deems just and proper.

DATED: Rochester, NY
February 2, 2024

SIGNATURE: _____
MOHSIN SALEEM SANDHU, Plaintiff
798 Bishops Lane, Webster, NY 14580
Phone: (585) 200-5762
Email: mohsin.sandhu@yahoo.com

FILED
FEB 2 2024
Monroe County
Clerk's Office

## VERIFICATION

<u>MOHSIN SALEEM SANDHU</u>, being duly sworn, deposes and says:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

[Signature]

<u>MOHSIN SALEEM SANDHU</u>
Plaintiff

Sworn to before me this
__2__ day of February 2024

Notary Public

Bailey M. Weinthaler
Notary Public, State of New York
Reg. #01WE6446475
Qualified in Monroe County
Commission Expires 01/23/2027

FILED

FEB 2 2024

Monroe County
Clerk's Office