UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

MOHIN SALEEM SANDHU,

                    Plaintiff,                          **DECISION AND ORDER**

          v.                                            6:24-CV-06408 EAW

CITIBANK, N.A.,

                    Defendant.

───────────────────────────────

## INTRODUCTION

*Pro se* plaintiff Mohin Saleem Sandhu ("Plaintiff") filed suit against Citibank, N.A. ("Defendant") in New York State Supreme Court, Monroe County, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  (Dkt. 1-1).  Defendant removed this action to federal court by filing a notice of removal to the United States District Court for the Western District of New York.  (Dkt. 1).

Presently before this Court is Plaintiff's motion to remand and motion for leave to file a sur-reply.  (Dkt. 4; Dkt. 8).  For the reasons set forth below, Plaintiff's motion for remand is denied and Plaintiff's motion for leave to file a sur-reply is denied as moot.

## BACKGROUND

Plaintiff states that he had a commercial banking relationship with Defendant.  (Dkt. 1-1 at ¶ 3).  Plaintiff alleges that between September 9, 2019, and February 4, 2020, Defendant placed 876 unauthorized calls to Plaintiff's cellular phone, utilizing an automatic telephone dialing system.  (*Id.* at ¶ 5).  The calls included pre-recorded messages

and "exhibited characteristics commonly associated with" automatic telephone dialing system usage. (*Id.* at ¶ 6). During this period, Plaintiff's cellular phone was registered on the national "Do Not Call Registry." (*Id.* at ¶ 4).

Plaintiff claims that "[t]he high volume and repetitive nature of these calls constituted a flagrant violation of the TCPA and caused significant disruption and distress to Plaintiff, particularly during the early stages of the COVID-19 pandemic." (*Id.* at ¶ 7). Plaintiff seeks $500 per negligent call and $1,500 per willful call made in violation of the TCPA. (*Id.* at ¶ 26). Plaintiff also requests a permanent injunction prohibiting Defendant from making any further calls to Plaintiff's cellular phone. (*Id.* at ¶ 27).

Plaintiff commenced this action on February 2, 2024, in New York State Supreme Court, Monroe County. (*See id.* at 2, 10). On June 27, 2024, Defendant removed this action to federal court by filing a notice of removal to the United States District Court for the Western District of New York. (Dkt. 1). The basis for removal was both federal question jurisdiction and diversity jurisdiction. (*Id.* at 2). Defendant answered Plaintiff's complaint on July 8, 2024. (Dkt. 3). On July 26, 2024, Plaintiff filed a motion to remand. (Dkt. 4). Defendant submitted a memorandum in opposition to the motion to remand and Plaintiff submitted a memorandum in support of the motion to remand on August 19, 2024. (Dkt. 6; Dkt. 7). Plaintiff then filed a motion for leave to file a sur-reply on August 20, 2024. (Dkt. 8).

## DISCUSSION

28 U.S.C. § 1447(c) authorizes federal courts to remand a case "on the basis of any defect in removal procedure" or because "the district court lacks subject matter

jurisdiction." *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994).[1]  "On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994) (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) ("[T]he burden falls squarely upon the removing party to establish its right to a federal forum by competent proof."  (citation omitted))); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.").

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  The Supreme Court has held that district courts have federal question jurisdiction to hear claims brought under the TCPA. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376 (2012).

---

[1]     A defendant must remove a case to federal court within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant."  28 U.S.C. § 1446(b)(1).  There is no claim here that the removal was untimely.  Plaintiff served Defendant with the summons and complaint on May 29, 2024 (Dkt. 1 at ¶ 2), and Defendant filed its notice of removal less than 30 days later, on June 27, 2024 (Dkt. 1).

There is no question that Plaintiff's claims rest on alleged violations of the TCPA. (*See* Dkt. 1-1 at ¶¶ 8-20 (complaint alleging violations of the TCPA); Dkt. 4 at ¶ 1 (Plaintiff stating in motion to remand that "[t]his action arises under the [TCPA]"); Dkt. 7 at 1 (Plaintiff stating in his memorandum in support of his motion to remand that he brings this action pursuant to the TCPA)). Yet Plaintiff argues that because he chose to commence this action in state court, which has concurrent jurisdiction with this Court over the TCPA claims, his "choice to proceed in state court should be respected." (Dkt. 7 at 1).

The Court disagrees with Plaintiff's position. Although the state court had concurrent jurisdiction so that commencement of the TCPA claim in state court could have been maintained, all that is required for removal under 28 U.S.C. § 1441(a) is that the action could have originally been commenced in federal court based on federal question jurisdiction. Thus, the fact that the state court had concurrent jurisdiction is "irrelevant" to whether federal question jurisdiction exists. *Nicholls v. Aetna Life Ins. Co.*, No. 3:13-CV-00821-WWE, 2013 WL 5839763, at *2 (D. Conn. Oct. 30, 2013) (Although state court had concurrent jurisdiction "this argument is irrelevant as federal removal statutes expressly contemplate concurrent jurisdiction in all cases eligible for removal."); *see also McArthur v. Carmichael*, No. 97 CIV. 8102 (LLS), 1998 WL 146233, at *2 (S.D.N.Y. Mar. 25, 1998) ("[I]f a federal statute does not prohibit removal, concurrent jurisdiction is not a bar to removal and is not grounds for remand to the state court."); *Yurcik v. Sheet Metal Workers' Int'l Ass'n*, 889 F. Supp. 706, 707 (S.D.N.Y. 1995) ("The general rule is that absent an express provision to the contrary, the removal right should be respected when there is concurrent jurisdiction.") (internal quotation marks and citation omitted); *Mercy Hosp.*

*Ass'n v. Miccio*, 604 F. Supp. 1177, 1180 (E.D.N.Y. 1985) ("The federal removal statutes explicitly contemplate concurrent jurisdiction in all cases eligible for removal.").

As Justice Ginsburg expressly noted in *Mims* when discussing the TCPA, "[w]hen Congress wants to make federal claims instituted in state court nonremovable, it says just that."  565 U.S. at 386 n.15.  And Congress did not make TCPA claims nonremovable. Thus, while neither party has cited a case in the Second Circuit addressing a motion to remand in the context of a TCPA claim, courts outside the Circuit have rejected arguments similar to the Plaintiff's and denied motions to remand TCPA actions.  *See*, *e.g.*, *Escano v. Concord Auto Protect, Inc.*, CV No. 21-223 MV/CG, 2021 WL 2935295, at *2-4 (D.N.M. July 13, 2021); *Edmonds v. DirecTV, LLC*, No. 1:16-CV-1291-STA-EGB, 2017 WL 1435760, at *1 (W.D. Tenn. Apr. 21, 2017); *Speidel v. Am. Honda Fin. Corp.*, No. 2:14-CV-19-FTM-38CM, 2014 WL 820703, at *3 (M.D. Fla. Mar. 3, 2014).

Accordingly, the Court concludes that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and therefore removal was proper pursuant to 28 U.S.C. § 1441(a). Because the Court has resolved the motion to remand based on its federal question jurisdiction, it need not and does not address Defendant's alternative basis for jurisdiction based on diversity.[2]  And because the motion to file a sur-reply related to the issue of diversity jurisdiction, that motion is denied as moot.

---

[2]    The Court likely also has diversity jurisdiction.  Defendant alleges that it is a national banking institution with its headquarters in South Dakota (Dkt. 1 at ¶ 8), and thus is a citizen of South Dakota, *see Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (a national bank, for purposes of 28 U.S.C. § 1348, "is a citizen of the State in which its main office, as set forth in its articles of association, is located").  Moreover, despite Plaintiff's attempts to limit the amount in controversy below $75,000, "a plaintiff cannot seek to

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Dkt. 4) is denied and

Plaintiff's motion for leave to file a sur-reply (Dkt. 8) is denied as moot.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  December 10, 2024
        Rochester, New York

_____

deprive a federal court of jurisdiction by reducing h[is] demand to $75,000 or less once the jurisdictional threshold has been satisfied." *Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010).